UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| CLEARLINK Financial Services Inc. (formerly known as MFP Financial Services Inc.), <br>     Plaintiff, <br><br> v. <br><br> Stephen Schultz, <br>     Defendant. | Civil Action No. _____ FDS <br><br> **05-40128** |

# COMPLAINT

Plaintiff CLEARLINK Financial Services Inc. (formerly known as MFP Financial Services Inc.) (hereinafter "Plaintiff") for its Complaint alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with principal place of business at 2281 North Sheridan Way, Mississauga, Ontario. Plaintiff is the same corporation formerly known as MFP Financial Services, Inc.

2.  Defendant Stephen Schultz is a citizen and resident of the Commonwealth of Massachusetts, residing within this District at 1155 Central Street, Leominster, Massachusetts 01453.

3.  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).

4.  Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391.

ATI-2175582v2

## FACTUAL BACKGROUND

5.  On and prior to August 11, 2000, Defendant Schultz and Timothy J. Burgess were the legal and beneficial owners of all issued and outstanding shares of Kerotec Inc., a Delaware corporation whose business included the distribution of IBM PC-compatible computer memory.

6.  On or about August 11, 2000, Plaintiff executed a Share Purchase Agreement that was also executed by Defendant Schultz and Timothy J. Burgess. Under the terms of the Share Purchase Agreement, Plaintiff agreed to purchase, and Defendant Schultz agreed to sell, all of his shares in Kerotec Inc.

7.  Included in the Schedules attached to the Share Purchase Agreement are the December 31, 1999 and March 31, 2000 Balance Sheets of Kerotec Inc. The 1999 Balance Sheet represents that the assets of Kerotec Inc. included the "cash surrender value of officers' life insurance" in the amount of $337,356. The March 31, 2000 Balance Sheet represents that the assets of Kerotec Inc. included the "cash surrender value of officers' life insurance" in the amount of $349,464.

8.  The December 31, 1999 Balance Sheet of Kerotec further represents as follows:

> On April 1, 1999, Kerotec Inc. (the Company) acquired all of the assets and liabilities of Kerotec International Limited and Kerotec Worldwide Corporation, all of which were under common control.
> (p. 7)

9.  In the August 11, 2000 Share Purchase Agreement, Defendant Schultz also made the following representations:

- that the "Assets" of Kerotec Inc. included the "cash surrender value of all policies of insurance" (page 2);

- that Kerotec Inc. had good title to, and was the legal and beneficial owner of, such "Assets" (Section 3.16); and

- that the Kerotec Inc. financial statements fairly presented the "Assets" and the "financial position" of Kerotec Inc. (Section 3.28).

10.    Also on August 11, 2000, Defendant Schultz executed a "Certificate of the Vendors". The Certificate represented and warranted that "[e]ach of the representations and warranties of the Vendors set forth in Article 3 of the Share Purchase Agreement is true and correct in all respects on and as of the date hereof as if made on and as of such date."

11.    Unbeknownst to Plaintiff, all of the foregoing representations described in paragraphs 7-10 above were false. The cash surrender value of the officers' life insurance was not an asset of Kerotec Inc. Instead, contrary to Defendant Schultz's representations, such policies actually had been assigned to Kerotec International and Kerotec Worldwide Corporation, separate companies owned and controlled by Defendant Schultz and Timothy J. Burgess.

12.    Further unbeknownst to Plaintiff, on or about June 16, 2003, Defendant Schultz caused Kerotec International to be released as assignee of Mass Mutual Financial Group's insurance policy number 9785479 on the life of Kerotec officer Timothy Burgess; and caused Kerotec Worldwide Corporation to be released as assignee of Mass Mutual Financial Group's policy 9785532 on the life of Kerotec officer Defendant Schultz.

13.    Plaintiff did not discover the facts surrounding the assignments and release of such assignments as alleged in paragraphs 11 and 12 above until at least May of 2004.

14.    Upon information and belief, Plaintiff further alleges that on or after June 16, 2003, Defendant Schultz caused Mass Mutual Financial Group's policy numbers 9785532 and

ATI-2175582v2

3

9785479 to be redeemed; obtained the cash value on one or both such policies; and converted same to his own use.

15. At the time the above-referenced representations were made and thereafter, Defendant Schultz knew that they were false. Subsequent to August 11, 2000, Defendant Schultz affirmatively concealed the falsity of such representations from Plaintiff while unlawfully converting to himself the cash value of insurance that he had falsely represented was an asset of Kerotec Inc.

16. The foregoing false representations were material and relied on by Plaintiff in connection with its execution of the Share Purchase Agreement, subsequent closing and Plaintiff's payment of the purchase price for the Kerotec Inc. shares.

17. Plaintiff has been damaged in an amount not less than $198,426 as a result of Defendant Schultz's false statements and actions as alleged above. Despite demand, Defendant has refused to compensate Plaintiff for the damages sustained. Plaintiff has fully performed all of its obligations under the Share Purchase Agreement.

18. Under Section 8.02 of the Share Purchase Agreement, Defendant Schultz indemnified Plaintiff from any loss arising from the breach or inaccuracy of any representation or warranty. Accordingly, Plaintiff is entitled to recover its damages and attorneys fees arising from the claims asserted herein.

## COUNT I - DECEIT

19. Plaintiff re-alleges and incorporates by referenced paragraphs 1 through 18, as if fully set forth herein.

20. Defendant Schultz made the above false statements of material fact with knowledge that the statements were false, for the purpose of inducing Plaintiff to act on them. Plaintiff relied on such statements as true and sustained damage as a result thereof.

21. Defendant Schultz's actions and statements constitute deceit in violation of Massachusetts law.

## COUNT II - BREACH OF CONTRACT

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21, as if fully set forth herein.

23. Defendant Schultz's actions and statements set forth above breached the Share Purchase Agreement, and Plaintiff has been damaged as a result thereof.

24. Defendant Schultz's actions and statements constitute breach of contract in violation of Massachusetts law.

## COUNT III – BREACH OF WARRANTY

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 24, as if fully set forth herein.

26. Defendant Schultz's actions and statements constitute a breach of the warranty covenant that he provided to the Plaintiff.

## COUNT IV – BREACH OF INDEMNITY

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26, as if fully set forth herein.

28. Defendant Schultz's actions and statements constitute a breach of the indemnity covenant that he provided to the Plaintiff.

## COUNT V - UNJUST ENRICHMENT

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28, as if fully set forth herein.

30. Defendant Schultz's actions and statements set forth above have unjustly enriched him to the detriment of Plaintiff, entitling Plaintiff to recover such amounts from Defendant Schultz.

## COUNT VI – VIOLATION OF M.G.L. CH. 93A

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 30, as if fully set forth herein.

32. At all times relevant hereto, Defendant Schultz has been engaged in trade or commerce within the meaning of M.G.L. Ch. 93A, §2, 11.

33. The conduct of Defendant Schultz described above constitutes unfair or deceptive acts or practices violative of M.G.L. Ch. 93A, §2, 11. This conduct includes, without limitation, the misrepresentations, concealment and conversion by Defendant Schultz.

34. As a result of the unfair or deceptive acts or practices of Defendant Schultz the Plaintiff sustained monetary damages in an amount no less than $198,426.

WHEREFORE, Plaintiff respectfully requests that this court enter judgment against Stephen Schultz and:

1. Determine the amount of single damages due to the Plaintiff;
2. Double or treble the amount of single damages due to the Plaintiff;
3. Award interests and costs;
4. Award reasonable attorneys' fees to the Plaintiff; and
5. Grant such other relief as the court deems appropriate.

ATI-2175582v2

CLEARLINK Financial Services, Inc.
By its counsel,

_____
William D. Jalkut, Esquire
BBO#250020
FLETCHER, TILTON & WHIPPLE, P.C.
370 Main Street, 12th Floor
Worcester, MA 01608
(508) 459-8045 – Telephone
(508) 459-8345 – Facsimile

Appearance To Be Sought Pro Hac Vice

William B. B. Smith, Esquire
Georgia Bar No. 664637
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia
(404) 521-3939/Telephone
(404) 581-8330/Facsimile

ATI-2175582v2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _CLEARLINK Financial Services, Inc. v. Stephen Schultz_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ___ IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ___ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court. _None_

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☒    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Nisha Koshy Cocchiarella_
ADDRESS _Fletcher Tilton + Whipple, 370 Main St, Worcester, MA_
TELEPHONE NO. _(508) 459-8000_

(CategoryForm.wpd -5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CLEARLINK Financial Services Inc. (formerly known as MFP Financial Services Inc.)

(b) County of Residence of First Listed Plaintiff **Mississauga, Ontario**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
William D. Jalkut
Nisha K. Cocchiarella
Fletcher, Tilton & Whipple, P.C.
370 Main St., Worcester, MA 01608
508-798-8621

## DEFENDANTS
Stephen Schultz

County of Residence of First Listed Defendant **Worcester County, Massachusetts**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☒ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **28 U.S.C. §1332(a)**
Brief description of cause: **Deceit and Breach of Contract and Warranties**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE **8/5/05**
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____