UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISON

| | |
|---|---|
| CLEARLINK Financial Services Inc. (formerly known as MFP Financial Services Inc.),<br>  Plaintiff,<br><br>V.<br><br>Stephen A. Schultz,<br>  Defendant. | Civil Action No. 05-40128 FDS |

## DEFENDANT'S ANSWER, COUNTERCLAIM AND DEMAND FOR TRIAL BY JURY

**NOW COMES** the Defendant, Stephen A. Schultz, who for an Answer to the Complaint of Clearlink Financial Services Inc., respectfully responds to said allegations as follows:

Defendant is without sufficient knowledge or information sufficient to form a belief as to the allegations of paragraphs 1 and 13 of the Complaint in according **denies** same.

Defendant does not reside at 1155 Central Street in Leominster, Massachusetts, but resides at 58 Prescott Street, Apartment 9, in Lowell, Massachusetts. Accordingly defendant **denies** the allegation of paragraph 2.

Defendant **admits** that the matter in controversy exceeds the sum or values of $75,000 but **denies** that this Court (in this division) has jurisdiction of this action. Defendant **admits** to the allegations contained in paragraphs 5, 6, 7, 8 and 32 of the Complaint.

1

Defendant **repeats and realleges** his responses as they pertain to paragraphs 19, 22, 25, 27, 29 and 31 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for which relief may be granted.

2. This Court lacks personal jurisdiction over defendant and the Court has no subject matter jurisdiction over this controversy.

3. Plaintiff's alleged damages are a result of its own conduct or the conduct of other parties for whose conduct Defendant is not responsible. If the plaintiff has suffered any loss, then it was the result of their own failure to conduct "due diligence" prior to the execution of the share purchase agreement.

4. Plaintiff has suffered no damages and any damages alleged by Plaintiff were not caused by the alleged conduct of Defendant.

5. Defendant has done nothing wrong and made no misrepresentations and has not participated as a party in any wrong-doing by others.

6. Plaintiff's claims are wholly insubstantial, frivolous and not advanced in good faith.

7. Plaintiff is estopped from recovery by its conduct.

8. There is no jurisdiction under M.G.L.A. c. 93A, as the conduct alleged did not occur primarily or substantially within the Commonwealth of Massachusetts, particularly where the underlying Share Purchase Agreement executed between the parties was executed in Mississauga, Ontario, Canada.

9. Plaintiff has not been harmed by Defendant's alleged conduct.

10. Plaintiff has not been irreparably harmed by Defendant's alleged conduct.

11. Plaintiff has failed to mitigate its damages, if any, claimed as a result of Defendant's alleged conduct.

12. Defendant has acted in good faith and has complied with all applicable laws.

13. Plaintiff's claims are barred because of the doctrine of waiver.

14. Plaintiff's claims are barred due to the doctrine of unclean hands.

15. Plaintiff current tactics are anti-competitive and contrary to federal laws and the laws of Massachusetts.

16. Plaintiff lacks standing to bring its claims.

17. Plaintiff claims fail due to the doctrine of laches.

18. Plaintiff's claims for relief under M.G.L.A. c. 93A should be dismissed, where plaintiff has failed to take the procedural pre-requisites to maintain such action, and more specifically, has failed to make a demand for relief under said statute, prior to the commencement of this action against the individual defendant.

19. At all times relevant to the execution of the Share Purchase Agreement, Schultz acted in a corporate capacity, and there is no lawful basis to bring this action against him individually.

20. Based upon the terms of Section 2.02 of the Share Purchase Agreement, the "Additional Purchase Price" to be paid to the defendant was based upon performance standards set forth in the "Employment Agreement" between the parties dated August 11, 2000, the same date that the Share Purchase Agreement was executed. Said employment agreement was breached by the plaintiff, as the business was dissolved before the performance standards could be satisfied and earned by the defendant. Said employment agreement of even date compelled arbitration, and should be interpreted together with the Share Purchase Agreement. Because the

employment agreement compelled arbitration, the instant complaint should be dismissed in the interests of justice, and this matter should be the subject of arbitration, subject to review by the Court.

**WHEREFORE,** defendant respectfully requests that this Court dismiss the Complaint with prejudice and award all relief in the defendant's favor as justice and equity may require in the circumstances.

## COUNTERCLAIM

**NOW COMES** defendant Stephen A. Schultz, as plaintiff-in-counterclaim, who for a counterclaim against the plaintiff CLEARLINK, as defendant-in-counterclaim, respectfully alleges as follows:

1. Two agreements of even date are the subject of controversy between the parties, but CLEARLINK in their Complaint focuses merely upon one. The "Share Purchase Agreement" must be interpreted together with the "Employment Agreement" executed on the same date between Schultz and CLEARLINK.

2. In the Share Purchase Agreement plaintiff-in-counterclaim, Stephen A. Schultz, in his capacity as a vendor of corporate shares, never identified "individually", entered into a Share Purchase Agreement with the defendant-in-counterclaim, now known as CLEARLINK. This agreement contemplated that Schultz would continue to receive commission payments over a period of years from the defendant-in-counterclaim, who promised that the business that Schultz, in his business capacity, sold to them would be an ongoing business concern. Section 3, paragraph 2, of the "employment agreement", dated August 11, 2000, referred specifically to a three year "Initial Term" for the agreement, implying by use of the word "initial" that the parties contemplated additional or successive terms.

3. Moreover, in Section 2.02 of the Share Purchase Agreement, "additional consideration for the Purchased Shares" set forth three years of payments to the vendors based upon meeting or exceeding "Performance Targets" based upon sales of the acquired corporation, with such additional compensation "known collectively as the Additional Purchase Price".

4. The "Additional Purchase Price" compensation to which the "vendor" plaintiff-in-counterclaim might have been eligible to receive over the three year ("initial") period for 2001, 2002 and 2003 was collectively in the amount of $175,000.00.

5. It was contemplated by the parties at the time of the two agreements that the "additional purchase price" monies would at a minimum be approximately equivalent and more likely to exceed any insurance monies involved in the transaction. Because the defendant-in-counterclaim unilaterally dissolved the corporation, the "performance targets" were impossible to achieve by the plaintiff-in-counterclaim, who was proximately caused to suffer money damages and a significant loss of commission income.

## I.
## BREACH OF CONTRACT

6. Plaintiff-in-counterclaim repeats and realleges the averments of the counterclaim set forth above, in addition to the responses and affirmative defenses stated in capacity as defendant, as if repeated here in full, and incorporates same by reference herein.

7. Plaintiff-in-counterclaim alleges that defendant-in-counterclaim entered into two agreements with plaintiff-in-counterclaim, each based upon consideration, of even date, and that the defendant-in-counterclaim breached said agreements, without legal cause or justification, so as to proximately cause the plaintiff-in-counterclaim to sustain damages.

**WHEREFORE,** plaintiff-in-counterclaim demands that judgment be entered against the defendant-in-counterclaim in the amount of Two Hundred Thousand Dollars ($200,000.00),

or such other amount as the Court deems just compensation, with interest and costs, and that the Court enter all such other relief in favor of plaintiff-in-counterclaim, as justice and equity may require in the circumstances.

## II.
## UNJUST ENRICHMENT

8. Plaintiff-in-counterclaim repeats and realleges the averments of the counterclaim set forth above, in addition to the responses and affirmative defenses stated in capacity as defendant, as if repeated here in full, and incorporates same by reference herein.

9. Plaintiff-in-counterclaim alleges that defendant-in-counterclaim's actions and conduct as set forth above, have unjustly enriched defendant-in-counterclaim, setting forth an action in quantum meruit, to the detriment of the plaintiff-in-counterclaim, so as to proximately cause defendant-in-counterclaim to sustain money damages.

**WHEREFORE,** plaintiff-in-counterclaim demands that judgment be entered against the defendant-in-counterclaim in the amount of Two Hundred Thousand Dollars ($200,000.00), or such other amount as the Court deems just compensation, with interest and costs, and that the Court enter all such other relief in favor of plaintiff-in-counterclaim, as justice and equity may require in the circumstances.

## III.
## FRAUD, MISREPRESENTATION AND DECEIT

10. Plaintiff-in-counterclaim repeats and realleges the averments of the counterclaim set forth above, in addition to the responses and affirmative defenses stated in capacity as defendant, as if repeated here in full, and incorporates same by reference herein.

11. Plaintiff-in-counterclaim alleges that the defendant-in-counterclaim, by and through the acts and conduct of their servants and agents, made false and material misrepresentations of

fact, with an intent to deceive, upon which the plaintiff-in-counterclaim relied to his detriment, so as to proximately cause plaintiff-in-counterclaim to sustain money damages.

**WHEREFORE,** plaintiff-in-counterclaim demands that judgment be entered against the defendant-in-counterclaim in the amount of Two Hundred Thousand Dollars ($200,000.00), or such other amount as the Court deems just compensation, with interest and costs, and that the Court enter all such other relief in favor of plaintiff-in-counterclaim, as justice and equity may require in the circumstances.

## DEMAND FOR TRIAL BY JURY

Stephen A. Schultz, in capacity as defendant and plaintiff-in-counterclaim, demands trial by jury on all claims, whether asserted herein or hereinafter.

Respectfully Submitted,
**Stephen A. Schultz,**
By His Attorney

Daniel W. Cronin, Esquire
BBO# 548200
P.O. Box 676
Lunenburg, MA 01462
(978) 582-0700

Dated: September 28, 2005

## CERTIFICATE OF SERVICE

I, Daniel W. Cronin, attorney for the defendant and plaintiff-in-counterclaim, Stephen A. Schultz, hereby certify that a copy of the Answer, Counterclaim and Demand for Trial by Jury has been filed with the Court by hand delivery today and a copy served upon Attorney Nisha Koshy Cocchiarella, Fletcher, Tilton and Whipple, P.C., 370 Main Street, 12th Floor, Worcester, MA 01608, on this 28th day of September, 2005, by first class U.S. mail, postage prepaid.

Daniel W. Cronin